IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GUY B. SCOTT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:10-0151 |
| ) | Judge Trauger |
| PORTER ADVERTISING, LLC, ) | |
| RICHARD PETERSON, STEVE RANKIN, ) | |
| TERI HORSELY, NILA PRATER, and ) | |
| UNKNOWN ACTORS. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On June 17, 2010, the magistrate judge issued a Report and Recommendation, in which he recommended that this court grant the defendants' pending Motion to Dismiss. (Docket No. 34.) The *pro se* plaintiff has filed a timely objection to the Report and Recommendation. (Docket No. 37.) Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(c), this court must review *de novo* any portion of the Report and Recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993).

This case arises out of a controversial billboard in Preble County, Ohio. Plaintiff Guy B. Scott, a resident of Mt. Juliet, Tennessee, arranged to have defendant Porter Advertising display an advertisement on one of its billboards. The advertisement was for a website designed to be both a memorial to several deceased murder victims and a "political expression on the controversial imprisonment of Ohio prisoner Billy Scott." (Docket No. 1 at 3 ¶ 3.) Soon after it

1

was unveiled, however, members of the Preble County community expressed their opposition to the billboard, because Billy Scott is the alleged killer of one of the listed victims. Ultimately, the defendants, after receiving threats to their lives and business relationships, decided to remove the plaintiff's advertisement before the contract expired. The defendants refunded the plaintiff's money in full.

The plaintiff filed this suit, alleging breach of contract, fraud, and denial of his constitutional rights. The magistrate judge recommends that Scott's Complaint be dismissed for lack of subject matter and personal jurisdiction. Specifically, the magistrate judge concluded that the plaintiff has failed to establish subject matter jurisdiction in this court because he neither raises a federal question nor meets the amount in controversy requirement to establish diversity jurisdiction. In addition, the magistrate judge found that this court does not have personal jurisdiction over the defendants because they do not have sufficient contacts with, and did not purposely avail themselves of, Tennessee.

The plaintiff's response to these findings fails to make any specific objections to the Report and Recommendation. (Docket No. 37.) Rather, in his two-page response, Scott asks the court either to grant him leave to engage in discovery or to dismiss his claim without prejudice, so that he can "preserve issues and seek counsel in a later filing." (*Id.* at 2.)

Scott makes no attempt to challenge the magistrate judge's determination that this court lacks subject matter jurisdiction and personal jurisdiction over the defendants, so the court will accept the Recommendation. Because the plaintiff filed his claim in the wrong jurisdiction, he will not be afforded an opportunity to engage in any discovery here.

However, Scott is not barred from bringing his claims in a proper jurisdiction. Res judicata, or claim preclusion, only applies when there was:

> (1) a final decision on the merits by a court of competent jurisdiction;
>
> (2) a subsequent action between the same parties or their 'privies[';]
>
> (3) an issue in the subsequent action which was litigated or should have been litigated in the prior action; and
>
> (4) an identity of the causes of action.

*Golden v. Comm'r*, 548 F.3d 487, 494 (6th Cir. 2008) (alteration in original) (quoting *United States v. Vasilakos*, 508 F.3d 401, 406 (6th Cir. 2007)). Dismissal for lack of subject matter jurisdiction or personal jurisdiction is not considered a judgment on the merits. *See* 18 Lawrence B. Solum, Moore's Federal Practice - Civil § 130.30[3][a] (3d ed. 2010). Therefore, the plaintiff is permitted to bring his claims in a court of proper jurisdiction.

To the extent that the plaintiff's filing can be considered objections to the Report and Recommendation, they are **OVERRULED**. The Report and Recommendation is **ACCEPTED** and made the findings of fact and conclusions of law of this court. For the reasons expressed therein, the Motion to Dismiss filed by the defendants (Docket No. 16) is **GRANTED**.

It is so Ordered.

Entered this 3rd day of August 2010.

_____
ALETA A. TRAUGER
United States District Judge